IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CHOICE HOTELS INTERNATIONAL, INC., \*

        Plaintiff, \*

v.                               Civil Action No. AW-05-3157
                         \*

THREE R HOTEL GROUP, INC.
*et al.*,
                         \*

        Defendants.
                      \* \* \* \* \*

## MEMORANDUM OPINION

This dispute involves an arbitration award issued in favor of Plaintiff Choice Hotel International, Inc's ("Choice" or "Plaintiff") against Defendants Three R. Hotel Group, Inc. ("Three R") and Pushpendra R. Bansal ("Bansal") (collectively, "Defendants"). Now pending and ready for resolution are Choice's Application to Confirm Arbitration Award [1] and Bansal's Motion to Vacate Arbitration Award [8]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will deny Bansal's motion to vacate and grant Plaintiff's application to confirm arbitration award.

### BACKGROUND

This case arises out of a hotel franchise agreement (the "Agreement") between Choice, Bansal, and Three R[1]. The Agreement contains an arbitration clause providing that:

> [A]ny controversy or claim arising out of or relating to this
> Agreement, or the breach of this Agreement, including any claim that

---

[1]The precise nature of the relationship between Three R and Bansal is not entirely clear. Bansal is Three R's registered agent for service of process, and both defendants appear to share the same address. The Court notes that Three R has not entered an appearance in this action, despite being served through Bansal, its registered agent, and that, as a result, default judgment was entered against it on August 2, 2006.

> this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement and any claim for declaratory relief, will be sent to final and binding arbitration before either the American Arbitration Association or J.A.M.S./Endispute in accordance with the Commercial Arbitration Rules of the American Arbitration Association . . . . Judgment on the arbitration award may be entered in any court having jurisdiction. If any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear. Any arbitration will be conducted at our headquarters office in Maryland.

(Application to Confirm Arbitration Award, Ex. 1). In January 2003, Choice notified Defendants that they were in default under the Agreement because of their failure to pay a $50,000 franchise affiliation fee. After Defendants did not cure their default, Choice sent notice to Defendants informing them that the Agreement had been terminated and demanding payment of $108,000 in liquidated damages. Defendants failed to pay the liquidated damages and, on June 18, 2004, Choice filed an arbitration claim with JAMS in case number 1410003610. Choice asserts that it sent notice of its demand for arbitration to Defendants' last known address, and then re-sent its demand to Bansal, via facsimile, after he contacted Choice and indicated that he had lost the demand.[2]

On June 6, 2005, the arbitrator issued an award[3] in Choice's favor in the amount of

---

[2] Choice has submitted email messages and a fax cover sheet that appear to corroborate this version of events. Bansal argues that these documents, which are unsworn and unauthenticated, should not be considered by the Court; in his affidavit, however, Bansal does not specifically deny contacting Choice or receiving its demand for arbitration. Instead, Bansal claims that never received timely notice of the actual arbitration hearing and award.

[3] In its opposition brief, Choice appears to suggest that the arbitrator issued her decision on May 16, 2005. *See* Pl.'s Opp. at 3 (arguing that the time limit for vacating the arbitration award expired on August 16, 2005, "three months from the date of the award"). However, the actual arbitration award submitted by Choice in support of its application to confirm states: "Corrected: June 6, 2005," and bears no other date. Consequently, for purposes of resolving the instant motions, the Court will deem the award to have been issued on June 6, 2005.

$152,198.[4] According to Bansal, it was around this time that he first received any indication that an arbitration award had been entered against him. Specifically, Bansal received, via U.S. mail, a document entitled "Motion to Correct Arbitration Award,"[5] in which Choice apparently requested that Bansal be substituted as a defendant in his individual capacity.[6] On July 1, 2005, Bansal's attorney wrote to both Choice and the arbitrator explaining that his client had not received any notice of the arbitration proceeding and requesting documentation relating to Choice's claim. Bansal claims that Choice failed to respond to his attorney's request for additional information.

On November 23, 2005, Choice filed, in this Court, an application to confirm its arbitration award. On February 15, 2006, Bansal was served with copies of the summons and application to confirm. On March 13, 2006, Bansal filed his motion to vacate the arbitration award, arguing that he never received adequate notice of the arbitration proceeding or the arbitration award. Choice has filed an opposition, Bansal a reply, and the Court now issues this Opinion.

## STANDARD OF REVIEW

Judicial review of an arbitration award is narrowly limited, and such an award will not be set aside unless it is completely irrational, or evidences a manifest disregard for the law. *Upshur v. Coal*

---

[4]This amount included $108,000 in liquidated damages plus the unpaid portion of the affiliation fee, interest, costs, and attorneys' fees.

[5]In an affidavit offered in support of his motion to vacate, Bansal asserts that this document "was the first notice that I received that any arbitration hearing had been scheduled or completed." As noted previously, it appears to the Court that Bansal is drawing a distinction between notice of Choice's demand for arbitration, which Bansal does not deny (nor acknowledge) having received, and notice of the actual arbitration hearing and award.

[6]The "Motion to Correct Arbitration Award" has not been made part of the record in this case, and the Court's characterization of this document is based on the description provided by Bansal in his motion to vacate.

3

*Corp. v. United Workers of America, Dist. 1*, 933 F. 2d 225, 229 (4th Cir. 1991). Accordingly, courts will not disturb an arbitrator's decision merely because a party disagrees withe the arbitrator's factual findings, contract interpretation, or choice of remedies unless there is a manifest disregard of the law. *Van Waters & Rogers, Inc. v. Local Union 70*, 913 F. 2d 736, 739 (4th Cir. 1990). A manifest disregard of the law implies that the arbitrator correctly states and appreciates the clear governing principle, but decides to ignore or pay no attention to it. *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Intern., Ltd.*, 888 F. 2d 260, 265 (4th Cir. 1989).

Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). Exceptions to confirmation of an award are strictly limited to avoid frustrating the fundamental purpose of arbitration—quick dispute resolution. *See Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992). A court may vacate an award only if at least one of the following criteria are met: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality in the arbitrators; (3) the arbitrators were guilty of misconduct by which the rights of any party have been prejudiced; and (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. *See* 9 U.S.C.A. § 10.

## ANALYSIS

Bansal contends that the arbitration award should be vacated because he did not receive proper notice of the arbitration demand or hearing. In response, Choice argues that Bansal received all the notice to which he was entitled under the relevant arbitration rules, and that, in any case, Bansal's request is untimely and must be denied on that basis.

With respect to the issue of notice, Bansal's assertion that Choice was required to provide him with actual notice of the arbitration proceeding is incorrect. In the Agreement, the parties elected to have any arbitration governed by the Commercial Arbitration Rules of the American Arbitration Association ("AAA").[7] Those Rules provide, in relevant part:

> Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules . . . *may be served on a party by mail addressed to that party, or its representative at the last known address* or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

AAA Rule 39(a) (emphasis added). Thus, although personal service is contemplated by the AAA Rules, it is by no means required; instead, service by mail is deemed to provide adequate notice of arbitration. *See Gingiss Int'l v. Bormet*, 58 F.3d 328, 332 (7th Cir. 1995) (confirming award when notice of hearing was mailed to an address where party had previously received correspondence); *Choice Hotels Int'l, Inc. v. Patel*, No. Civ.A. DKC 2003-2318, 2004 WL 57568, at *5 (D. Md. Jan. 13, 2004) (holding that defendants received adequate notice of arbitration when correspondence was sent to defendants' last known address); *Int'l Technologies, Inc. v. Palestine Liberation Org.*, 66 F. Supp. 2d 3, 11 (D.D.C. 1999) (considering registered mail, return-receipt requests to be a method of service that exceeds the AAA Rules' "modest requirements").

Despite its plain language, Bansal argues that Rule 39 has, "subsumed" within it, a requirement that a party receive actual notice of any arbitration proceeding, and that without actual notice, a defendant would never have the "reasonable opportunity to be heard" that is called for

---

[7]Although Bansal argues in his motion to vacate that JAMS rules apply to the instant dispute, Bansal concedes, in his reply brief, that any arbitration is to be conducted under the AAA's Commercial Arbitration Rules. (Bansal's Rep. 2 n.1.)

under the Rule. Bansal cites no authority in support of this argument, and the Court finds it to be without merit. The purpose of arbitration is to resolve disputes in a "speedy, inexpensive, and efficient way," *Rainwater v. Nat'l Homes, Inc.*, 944 F.2d 190, 192 (4th Cir. 1991), and that goal would be frustrated if the Court were to impose upon the parties a more stringent notice requirement than what they themselves chose. Moreover, while there may be circumstances where service by mail is inadequate to provide a party with a "reasonable opportunity to be heard"—such as, for example, if mail is sent to an address from which earlier correspondence had been returned as undelivered—there is no indication that any such exceptions are applicable here.

Thus, the Court *would be* prepared to find that Bansal received adequate notice of the arbitration proceeding, were it not for the fact that Choice has failed to submit *any* competent evidence to establish that it mailed an arbitration demand to Bansal's last known address. Although Bansal has submitted an affidavit stating that he never received Choice's arbitration demand, Choice has not offered an affidavit attesting that the requisite mailing took place.[8] Instead, Choice has submitted unsworn and unauthenticated copies of what appear to be (1) an email between two Choice employees and (2) a fax cover sheet. (Pl.'s Opp., Exs. 2, 3.) In the email, one employee writes to another: "Mr. Bansal called and indicated that he lost the arbitration demands we sent him. Can you please fax the demands to him . . . and also send him another set by regular mail?" The recipient responds: "Will do!" The fax cover sheet appears to show that a fax was sent from Choice's legal department to Mr. Bansal on June 1, 2005; the contents of the faxed transmission have not,

---

[8] Assuming that Choice did indeed send its arbitration demand to Bansal, Choice apparently did so via regular U.S. mail, not certified or registered mail, as no signed receipt confirmation has been submitted to the Court. While AAA Rule 39 does not require that notice be served by certified or registered mail, this case illustrates the utility of securing proof of delivery.

however, been made part of the record. These unsworn, uncertified, unauthenticated documents are insufficient to establish that Bansal received adequate notice of Choice's demand for arbitration.

However, despite Choice's failure to submit the meager evidentiary materials that would have satisfied the Court's concerns regarding adequacy of notice, Bansal's motion to vacate still must be denied. That is because Choice's third exhibit—a July 1, 2005 letter from Bansal's Georgia counsel to Choice, sent after Bansal received Choice's "Motion to Correct Arbitration Award"[9]—establishes that, whether or not Bansal had timely notice of the arbitration demand or proceeding, he had, as of July 2005, notice of the arbitration *award* that had been entered against him. Indeed, the letter specifically invokes the caption and reference number of the arbitration proceeding[10] and states that Bansal and his attorney intend to "contest any action to enforce the arbitration decision." The Federal Arbitration Act ("FAA"), which the parties agree is controlling, provides that "[n]otice of a motion to vacate . . . must be served upon an adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. The FAA's three month limitations period is to be strictly enforced. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("We adopt the rule embraced by the Second Circuit in *Florasynth, Inc. v. Pickholz*, 750 F.2d 171 (2d Cir. 1984), where that court held that once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm."). Thus, because Bansal had notice of the arbitration decision on July 1, 2005, his March 13, 2006 motion to vacate is barred as untimely.

---

[9]Bansal has not challenged the authenticity or admissibility of this letter.

[10]The subject line of the letter reads "Re: *Choice Hotels International, Inc. vs. Three R Hotel Group and Pushpendra R. Bansal*, JAMS Ref.# 1410003610." (Pl.'s Opp., Ex. 3.)

## CONCLUSION

For the reasons stated above, Choice's Application to Confirm Arbitration Award [1] will be GRANTED. Bansal's Motion to Vacate Arbitration Award [8] will be DENIED. A separate order follows.

Date:  August 8, 2006          /s/ Alexander Williams, Jr.
                                Alexander Williams, Jr.
                                United States District Court